Smith, C. J.
The question presented in this case is this : The plaintiffs below, A. T. Barrow and others, filed a petition to contest the will of Maria Myers, deceased. They allege that they were the brothers and sisters of said Maria, who was the wife of W. H. Myers. That at the time of her death, on August 18, 1885, she was seized in fee-simple of a tract of land which came to her by descent from their father. That on April 26, 1883, during her coverture with Myers, she executed a will, by which she devised the whole of her estate to her husband, and that this will was admitted to probate by the probate court of this county, September 12, 1885. The petition further alleges that at the time of the execution of this will she had no child living. On July 3, 1885, a child was born to her, which died *92 September 1, 1885, a few weeks after the death of the mother, leaving the plaintiffs its only heirs at law. That no provision had ever been made for such child by any settlement, and that it was not in any way provided for by said will, and was not mentioned therein, and therefore, that it was revoked by the birth of the child, and the prayer was that it be set aside.
A general demurrer was filed by Myers to this petition, but it was overruled by the court and exceptions taken. An issue was raised by answer, and on the trial thereof, a verdict was rendered setting the will aside, on which a judgment was entered. It is now sought to reverse'this judgment, on the ground that the demurrer to the petition should have been sustained, it being claimed that this was not the proper proceeding to test the validity of the devise to the husband, but that it must be done in some other way.
If the will of Mrs. Myers was invalid, the .estate which she inherited from her father, would pass, under the statute of descents, to her child, subject to the life estate of Myers, the father, therein. On the death of the child, intestate and without issue, it would pass to the father for life, and on his death to the brothers and sisters of the wife, viz., the plaintiffs in fee-simple. They therefore are interested in the estate, and are entitled to have the validity of the will settled in some manner.
It must be conceded, in the light of the decision of the supreme court in Evans v. Anderson, 15 Ohio St. 324, that the plaintiffs were not bound by the probate of the will, and that at the termination of the life estate of Myers in the land, they might, as against the heirs or grantees of the latter, have maintained an action to recover the possession of such real estate, without directly impeaching the will by a contest thereof, as provided by statute.
But while this is so, it seems clear to us, that if a will, valid when it is executed, is afterwards revoked by the testator himself, in any of the modes pointed out in section 5953, Revised Statutes, or revoked by operation of law, as in this case, under the terms of section 5959, Revised Statutes, and it should nevertheless be admitted to probate and record, that any person interested in having it set aside as invalid, may contest its val *93 idity by proceeding under the statute. If the paper so admitted to probate, had in fact been revoked in the life time of the testator, it is not his valid will, and cannot rightly be probated; but if it is done, no good reason can be found why it cannot be set aside in a proceeding to contest it. It is conceded that it might be done if the revocation was by the testator himself. There is the same reason for it, if it was revoked by operation of law. It would be manifestly unjust to require the plaintiffs in this case to lie still until the termination of Myers’ life estate, before their title to the land can be established. By that time the witnesses to prove their case may be dead.
N. Bird, for plaintiff in error.
Von Seggern, Phares & De Wald, for defendants in error.
The petition showing the interest of the parties in the will and estate of Mrs. Myers, and facts which showed that it was revoked by operation of law, and was not her will at the time of her death, was a good petition, and the demurrer to it was properly overruled, and the judgment will be affirmed.